UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN

JOHNETTA SAFFOLD

    Plaintiff,

V.

Everest Institute AND
Corinthians College, Inc.,
    Defendants.

Case No.    10-14138
Hon. Arthur J. Tarnow
Hon. Mark A. Randon

_____/

| | |
|---|---|
| Marla A. Linderman (P55759)<br>LINDERMAN LAW P.C.<br>4763 S. Old U.S. 23, Ste. C-2<br>Brighton, MI  48114<br>(810) 220-0600<br>lindermanlaw@sbcglobal.com<br>Attorneys for Plaintiff | Jeffrey K. Brown (CA Bar No.162957)<br>PAYNE & FEARS LLP<br>4 Park Plaza, Suite 1100<br>Irvine, California 92614<br>Telephone: (949) 851-1100<br>Facsimile: (949) 851-1212<br>jkb@paynefears.com |
| | John F. Birmingham, Jr. (P47150)<br>Nicholas J. Ellis (P73174)<br>Tamar N. Dolcourt (P73425)<br>FOLEY & LARDNER LLP<br>500 Woodward Ave., Suite 2700<br>Detroit, Michigan 48226<br>(313) 234-7100<br>Attorneys for Defendant |

# MOTION IN LIMINE REGARDING EXPERT WITNESS

NOW COMES PLAINTIFF, by and through her attorney and states:

    1.    The first time Defendant named an expert witness was in the Joint Final Pretrial which this Court entered on December 11, 2012 (dkt #24).

    2.    The first time Defendant provided notice of supplement disclosure of an expert witness was December 17, 2012.  Exhibit A.

3. The first time Defendant provided a copy of an "expert's report" and the expert's curriculum vitae was also on December 17, 2012. Exhibit A.

4. Trial in this matter is set for January 14, 2013.

5. These disclosures violate FRCP 26 (a)(2)(A), FRCP 26 (a)(2)(B), FRCP 26(a)(2)(D)(i–ii).

6. These disclosures are untimely as they were not provided 90 days before trial or within 30 days after the other party's disclosure. FRCP 26(a)(2)(D) (i–ii).

7. Plaintiff disclosed her mitigation efforts during discovery and at her deposition, the latest date being December 28, 2011.

8. To allow this witness at this late date will prejudice Plaintiff as the timing requirements do not provide her the ability to conduct discovery about this witness or name a rebuttal witness.

9. Moreover, the expert's report is not based on relevant information. Exhibit A.

10. While there is a question regarding whether an employer even has a mitigation defense as to actual damages, which will be discussed in a separate motion, if such a defense is available, the relevant question regarding mitigation requires an analysis based on:

> the substantial equivalent of the position from which the claimant was discriminatorily terminated must afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. See Ford Motor Co., 102 S. Ct. at 3065 ("Although the un– or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position, he forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied.");

> McCann Steel Co. v. NLRB, 570 F.2d 652, 655 (6th Cir. 1978) ("We believe that substantially equivalent employment refers to the hours worked . . . as well as the nature of the work there."); Stone v. D.A. & S. Oil Well Servicing, Inc., 624 F.2d 142, 144 (10th Cir. 1980); Williams v. Albemarle City Board of Education, 508 F.2d 1242, 1243 (4th Cir. 1974) (en banc); Ballard v. El Dorado Tire Co., 512 F.2d 901, 906 (5th Cir. 1975).

Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 624 (6th Cir. Mich. 1983).

11. The Rasimas, supra considerations were adopted as applying to the FMLA in Killian v. Yorozu Auto. Tenn., Inc., 454 F.3d 549, 557 (6th Cir. Tenn. 2006) (plaintiff was only required to look for high–paying "first shift factory jobs" and defendant must establish that there "were substantially equivalent positions available")[1].

12. The expert's report does not include one job that was available that was substantially equivalent to Plaintiff's position and it is Defendants burden to prove that there were actual substantially equivalent jobs available; theoretical beliefs that there should have been jobs available is not enough. Defendants burden to prove that there were actual substantially equivalent jobs available; theoretical beliefs that there should have been jobs available is not enough. See Rasimas supra; See Killian supra; See Grace v. City of Detroit, 216

---

[1] However, recent case law has called in doubt whether there is even a mitigation defense available to an employer. "We have often relied on Title VII precedent to analyze FMLA retaliation claims. See, e.g., Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 707 (6th Cir. 2008); see also Bell v. Prefix, Inc., 321 F. App'x 423, 428 n.2 (6th Cir. 2009) (collecting cases). Recently, however, the Supreme Court reminded us that its Title VII decisions do not automatically control the construction of other employment discrimination statutes. See Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2348–49, 174 L. Ed. 2d 119 (2009) v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2348–49, 174 L. Ed. 2d 119 (2009)." Hunter v. Valley View Local Sch., 579 F.3d 688, 691 (6th Cir. Ohio 2009)

Fed. Appx. 485, 489 (6th Cir. Mich. 2007); (other police jobs in near Detroit suburbs were not substantially equivalent to the position of Detroit Police Officer even though the pay may be higher at the other police positions"). Exhibit A.

13. The expert[2] report does not even discuss the relevant considerations to be considered in identifying substantially equivalent jobs. Exhibit A.

14. The expert report is not even based on Michigan's data, much less on admission representatives for trade schools. Exhibit A.

15. Even with the expert's report Defendant does not meet its burden as to a mitigation defense, assuming one actually exists. Exhibit A.

16. The second burden that Defendant has to overcome, again assuming that this defense exists, is proving that Plaintiff did not conduct a reasonable job search. See Killian, supra.

17. A diligent job search is not required nor is a fruitful job search required. Id.

18. Defendant's expert does not even identify the applicable job market at issue to determine what would be a reasonable job search. Exhibit A.

19. For example, the expert opines that Plaintiff should be looking for a job 25 hours per week; if there were thousands or even high hundreds of potential employers, this may be understandable but if the pool of potential

---

[2] The use of the term "expert" or "expert report" throughout this motion and in the accompanying brief should not be construed as an agreement by Plaintiff that the proposed "expert" is qualified to be an expert in this matter.

employers is less than 100, this suggestion would be ridiculous as it would require her to apply to each potential employer every single week plus make up some because it would not take 25 hours to apply to less than a hundred employers (that works out to be 4 applications per hour). Exhibit A.

20. Outside of the fact that the expert was listed untimely, the report was provided untimely, the report and suggested expert's testimony is not relevant. Exhibit A. FRE 401-403,

21. Further, the expert report and testimony requested to be proffered does not meet the requirements of FRE 702 as it is not based on sufficient facts or data, is not based on reliable principles or methods, has not been applied to the facts of this case as required under the law Defendant is relying on. Exhibit A and <u>Killian</u>, <u>supra.</u>

22. Opposing Counsel was contacted to request concurrence regarding this motion and concurrence was not given.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court strike Mr. Fractor as a witness and not allow Defendant to call him at trial for the reasons stated herein.

Respectfully Submitted on December 28, 2012,

LINDERMAN LAW P.C.

/s/ Marla A. Linderman
Marla A. Linderman (P55759)
4763 S. Old U.S. 23, Ste C-2
Brighton, MI 48114
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of each filing to the attorneys of record and I hereby certify that there are no non–ECF participants appearing in this matter.


Dated: December 28, 2012                    /s/ Marla A. Linderman
                                            Marla A. Linderman

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN

JOHNETTA SAFFOLD

    Plaintiff,                                     Case No.   10-14138
                                                      Hon. Arthur J. Tarnow
                                                      Hon. Mark A. Randon

V.

Everest Institute AND
Corinthians College, Inc.,
    Defendants.
_____/

| Marla A. Linderman (P55759)<br>LINDERMAN LAW P.C.<br>4763 S. Old U.S. 23, Ste. C-2<br>Brighton, MI  48114<br>(810) 220-0600<br>lindermanlaw@sbcglobal.com<br>Attorneys for Plaintiff | Jeffrey K. Brown (CA Bar No.162957)<br>PAYNE & FEARS LLP<br>4 Park Plaza, Suite 1100<br>Irvine, California 92614<br>Telephone: (949) 851-1100<br>Facsimile: (949) 851-1212<br>jkb@paynefears.com |
|---|---|
|  | John F. Birmingham, Jr. (P47150)<br>Nicholas J. Ellis (P73174)<br>Tamar N. Dolcourt (P73425)<br>FOLEY & LARDNER LLP<br>500 Woodward Ave., Suite 2700<br>Detroit, Michigan 48226<br>(313) 234-7100<br>Attorneys for Defendant |

# BRIEF IN SUPPORT OF MOTION IN LIMINE

# REGARDING EXPERT WITNESS

# **QUESTIONS PRESENTED AND MOST RELEVANT AUTHORITY**

1. Should Defendants be prohibited from calling an expert witness who was not timely disclosed and whose report was not submitted timely?

   Plaintiff states:      Yes

   Defendants state:     No

The most relevant authority would be FRCP 26(a)(2)(A) (B) and (D).

2. Should Defendants be prohibited from calling an expert witness whose report and expected testimony is not relevant as it not based on the required considerations under Sixth Circuit law regarding mitigation?

   Plaintiff states:      Yes

   Defendants state:     No

The most relevant authorities on this issue are <u>Rasimas v. Michigan Dep't of Mental Health</u>, 714 F.2d 614, 624 (6th Cir. Mich. 1983); <u>Killian v. Yorozu Auto. Tenn., Inc.</u>, 454 F.3d 549, 557 (6th Cir. 2006) (plaintiff was only required to look for high–paying "first shift factory jobs" and defendant must establish that there "were substantially equivalent positions available")<u> Grace v. City of Detroit,</u> 216 Fed. Appx. 485, 489 (6th Cir. 2007).  Further support is found in FRE 401–403 and 702.

## FACTS

Trial in this matter is set for January 14, 2013.  The Final Pretrial in this case was entered on December 11, 2012 (dkt #24).  In the Joint Final Pretrial, Defendants named an expert witness for the first time.  Defendant provided notice of supplement disclosure of this expert witness was December 17, 2012.  Exhibit A.  The expert witness is allegedly an expert witness regarding mitigation.

The first time Defendant provided a copy of an "expert's report" and the expert's curriculum vitae was also on December 17, 2012.  Exhibit A.  The alleged expert's report does not address any relevant evidence regarding mitigation, which requires Defendant to identify positions with "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status" which Plaintiff unreasonably failed to apply for during the relevant period of time.  Id. Instead, the report is based on data from other states and much broader job categories than allowed.  Id.

# **ARGUMENT**

Defendants' expert disclosures violate FRCP 26 (a)(2)(A), FRCP 26 (a)(2)(B), FRCP 26(a)(2)(D)(i–ii). These disclosures are untimely as they were not provided 90 days before trial or within 30 days after the other party's disclosure. FRCP 26(a)(2)(D) (i–ii). Plaintiff disclosed her mitigation efforts during discovery and at her deposition, the latest date being December 28, 2011.

To allow this witness at this late date will prejudice Plaintiff as the timing requirements do not provide her the ability to conduct discovery about this witness or name a rebuttal witness.

Moreover, the expert's report is not based on relevant information. Exhibit A. While there is a question regarding whether an employer even has a mitigation defense as to actual damages, which will be discussed in a separate motion, if such a defense is available, the relevant question regarding mitigation requires an analysis based on:

> the substantial equivalent of the position from which the claimant was discriminatorily terminated must afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. See Ford Motor Co., 102 S. Ct. at 3065 ("Although the un- or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position, he forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied."); McCann Steel Co. v. NLRB, 570 F.2d 652, 655 (6th Cir. 1978) ("We believe that substantially equivalent employment refers to the hours worked . . . as well as the nature of the work there."); Stone v. D.A. & S. Oil Well Servicing, Inc., 624 F.2d 142, 144 (10th Cir. 1980); Williams v. Albemarle City Board of Education, 508 F.2d 1242, 1243 (4th Cir. 1974) (en banc); Ballard v. El Dorado Tire Co., 512 F.2d 901, 906 (5th Cir. 1975).

Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 624 (6th Cir. Mich. 1983).

The Rasimas, supra considerations were adopted as applying to the FMLA in Killian v. Yorozu Auto. Tenn., Inc., 454 F.3d 549, 557 (6th Cir. Tenn. 2006) (plaintiff was only required to look for high-paying "first shift factory jobs" and defendant must establish that there "were substantially equivalent positions available")[3]. The expert's report does not include one job that was available that was substantially equivalent to Plaintiff's position; instead it relies on information from other states and broad categories of jobs that are dissimilar to Plaintiff's actual position. Under any mitigation defense, it is Defendants' burden to prove that there were actual substantially equivalent jobs available; theoretical beliefs that there should have been jobs available is not enough. See Rasimas supra; See Killian supra; See Grace v. City of Detroit, 216 Fed. Appx. 485, 489 (6th Cir. Mich. 2007); (other police jobs in near Detroit suburbs were not substantially equivalent to the position of Detroit Police Officer even though the pay may be higher at the other police positions"). Exhibit A.

---

[3] However, recent case law has called in doubt whether there is even a mitigation defense available to an employer. "We have often relied on Title VII precedent to analyze FMLA retaliation claims. See, e.g., Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 707 (6th Cir. 2008); see also Bell v. Prefix, Inc., 321 F. App'x 423, 428 n.2 (6th Cir. 2009) (collecting cases). Recently, however, the Supreme Court reminded us that its Title VII decisions do not automatically control the construction of other employment discrimination statutes. See Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2348–49, 174 L. Ed. 2d 119 (2009) v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2348–49, 174 L. Ed. 2d 119 (2009)." Hunter v. Valley View Local Sch., 579 F.3d 688, 691 (6th Cir. Ohio 2009)

The expert[4] report does not even discuss the relevant considerations to be considered in identifying substantially equivalent jobs. Exhibit A. The expert report is not even based on Michigan's data, much less on admission representatives for trade schools. Exhibit A. Even with the expert's report Defendant does not meet its burden as to a mitigation defense, assuming one actually exists. Exhibit A.

The second burden that Defendant has to overcome, again assuming that this defense exists, is proving that Plaintiff did not conduct a reasonable job search. See Killian, supra. A diligent job search is not required nor is a fruitful job search required. Id. Defendant's expert does not even identify the applicable job market at issue to determine what would be a reasonable job search. Exhibit A. For example, the expert opines that Plaintiff should be looking for a job 25 hours per week; if there were thousands or even high hundreds of potential employers, this may be understandable but if the pool of potential employers is less than 100, this suggestion would be ridiculous as it would require her to apply to each potential employer every single week plus make up some because it would not take 25 hours to apply to less than a hundred employers (that works out to be 4 applications per hour). Exhibit A. Thus, outside of the fact that the expert was listed untimely, the report was provided untimely, the report and suggested expert's testimony is not relevant. Exhibit A. FRE 401–403,

---

[4] The use of the term "expert" or "expert report" throughout this motion and in the accompanying brief should not be construed as an agreement by Plaintiff that the proposed "expert" is qualified to be an expert in this matter.

Further, the expert report and testimony requested to be proffered does not meet the requirements of FRE 702 as it is not based on sufficient facts or data, is not based on reliable principles or methods, has not been applied to the facts of this case as required under the law Defendant is relying on.  Exhibit A and <u>Killian</u>, <u>supra.</u>

## **CONCLUSION**

Therefore, for the reasons stated in this brief and in the motion, Plaintiff respectfully requests that this Honorable Court strike Mr. Fractor as a witness and not allow Defendants to call him at trial.

Respectfully Submitted on December 28, 2012,

LINDERMAN LAW P.C.

/s/ Marla A. Linderman
Marla A. Linderman (P55759)
4763 S. Old U.S. 23, Ste C-2
Brighton, MI 48114
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of each filing to the attorneys of record and I hereby certify that there are no non-ECF participants appearing in this matter.

Dated: December 28, 2012          /s/ Marla A. Linderman
                                  Marla A. Linderman